IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah McGrody,               :
               Petitioner    :
                             :
        v.                  :  No.  1051 C.D. 2023
                             :  Submitted: August 9, 2024
Pennsylvania Health Insurance    :
Exchange Authority d/b/a Pennie,   :
               Respondent   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED: October 11, 2024


Deborah McGrody (McGrody), *pro se*, filed an appeal with the Pennsylvania Health Insurance Exchange Authority d/b/a Pennie (Pennie), challenging her obligation to pay a health insurance bill. Pennie filed a motion to dismiss McGrody's appeal, and the presiding officer (Presiding Officer) granted the motion by order mailed August 15, 2023. The Presiding Officer explained McGrody was not entitled to relief under federal regulations. McGrody now petitions this Court for review of the Presiding Officer's order. After careful review, we are constrained to affirm.

## BACKGROUND

McGrody filed an appeal with Pennie on July 10, 2023. In documentation accompanying her appeal, McGrody argued she should not be obligated to pay a

health insurance bill for the month of October 2021. Reproduced Record (R.R.) at 58.[1] McGrody explained she purchased health insurance through Pennie while her husband was "between jobs." *Id.* McGrody's husband eventually obtained a new job that provided health insurance for their family. *Id.* McGrody confirmed her new health insurance was active on October 1, 2021, and then called Pennie to terminate her prior health insurance. *Id.* Despite successfully terminating her prior health insurance on October 1, 2021, McGrody was billed for the entire month of October. *Id.* According to McGrody, the Pennie representative she spoke to on October 1, 2021, did not ask whether she wanted to terminate her prior health insurance retroactively and did not inform her there would be a bill for October. *Id.*

On August 9, 2023, Pennie filed a motion to dismiss McGrody's appeal. Pennie contended health insurance purchasers may only appeal a limited selection of decisions, which did not include health insurance termination dates. R.R. at 70-71. In a footnote, Pennie contended McGrody's appeal was untimely because she failed to file it within 90 days of the decision she was challenging, and she did not otherwise qualify for retroactive termination. *Id.* at 70. McGrody submitted a response to Pennie's motion, reiterating that the Pennie representative she spoke to on October 1, 2021, did not ask whether she wanted to terminate her prior health insurance retroactively. *Id.* at 91. McGrody argued she was not aware of the unpaid health insurance bill until she received a "collections letter" in April 2023. *Id.*

By order mailed August 15, 2023, the Presiding Officer granted Pennie's motion and dismissed McGrody's appeal. The Presiding Officer explained retroactive termination of health insurance was only permissible under certain circumstances, which McGrody did not allege. R.R. at 114. The Presiding Officer

---

[1] The reproduced record and McGrody's brief do not include page numbers, so we use electronic pagination when citing these documents.

cited the Code of Federal Regulations provision governing retroactive terminations, 45 C.F.R. § 155.430(b)(vi) (2024), and explained:

> You would be entitled to retroactive termination only under the following situations: (1) a technical error or system failure prevented you from disenrolling; (2) your enrollment was unintentional, inadvertent, or erroneous and was the result of the error or misconduct of [Pennie] staff; or (3) you were enrolled in health coverage without your knowledge or consent by a third party. You do not assert any facts that would implicate any of these three situations.

R.R. at 114.

McGrody timely petitioned for review in this Court.[2] She argues we should reverse the Presiding Officer's order because the Pennie representative she spoke to on October 1, 2021, did not "provide any retroactive cancelation information" and terminated her prior health insurance effective October 31, 2021, rather than September 30, 2021. McGrody's Br. at 9-10. McGrody asserts the representative did not inform her that she would be billed for October 2021, and she did not become aware of the bill until receiving a collections letter in April 2023. *Id.*

## DISCUSSION

We review the Presiding Officer's order for violations of McGrody's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the

---

[2] Pennie asserts in its brief that the Presiding Officer's August 15, 2023 order is a final order under the General Rules of Administrative Practice and Procedure (GRAPP), citing 1 Pa. Code § 35.226. Pennie's Br. at 5. The Presiding Officer does not issue a final order under GRAPP but produces a proposed report for adoption by the agency head. 1 Pa. Code §§ 35.202, 35.205. Here, it appears Pennie delegated its adjudicatory function to the Presiding Officer, consistent with the due process requirement that an agency separate adjudicatory and prosecutorial functions. *See Lyness v. State Bd. of Med.*, 605 A.2d 1204 (Pa. 1992). This also complies with federal regulations, which provide for hearings conducted "[b]y one or more impartial officials who have not been directly involved in the eligibility determination or any prior Exchange appeal decisions in the same matter" and for judicial review of an official's decision. 45 C.F.R. §§ 155.505(g)(2), 155.535(c)(4) (2023).

findings of fact necessary to sustain the decision. *Id.* This case requires us to interpret statutory law and federal regulations. Thus, our standard of review is *de novo* and our scope of review is plenary. *See Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)); *Myers v. Commonwealth*, 289 A.3d 915, 922 (Pa. 2023) (citing *S & H Transp., Inc. v. City of York*, 210 A.3d 1028, 1038 (Pa. 2019)). This means we do not defer to the Presiding Officer when reaching a decision, and we review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

Our General Assembly established Pennie as a state-affiliated entity tasked with creating, managing, and maintaining the Pennsylvania Health Insurance Exchange. 40 Pa.C.S. § 9302(b). Although Pennie is empowered to promulgate regulations necessary to carry out its duties, it has not yet done so. *See* 40 Pa.C.S. § 9701; 54 Pa. B. 2993 (2024) (proposed rulemaking for Pennie's first regulation, governing "Health Equity Accreditation"). Therefore, Pennie operates under "any applicable Federal rules, regulations or guidance" or interim state guidelines. 40 Pa.C.S. § 9313. At issue are the federal regulations at 45 C.F.R. §§ 155.10-155.1515 (2024). The regulations provide a right to appeal from health insurance eligibility determinations:

> (b) Right to appeal. An applicant or enrollee must have the right to appeal—
>
>> (1) An eligibility determination made in accordance with subpart D, including—
>>
>> (i) An initial determination of eligibility, including the amount of advance payments of the premium tax credit

4

and level of cost-sharing reductions, made in accordance with the standards specified in § 155.305(a) through (h); and

(ii) A redetermination of eligibility, including the amount of advance payments of the premium tax credit and level of cost-sharing reductions, made in accordance with §§ 155.330 and 155.335;

(iii) A determination of eligibility for an enrollment period, made in accordance with § 155.305(b);

(2) An eligibility determination for an exemption made in accordance § 155.605;

(3) A failure by the Exchange to provide timely notice of an eligibility determination in accordance with §§ 155.310(g), 155.330(e)(1)(ii), 155.335(h)(1)(ii), or 155.610(i); and

(4) A denial of a request to vacate dismissal made by a State Exchange appeals entity in accordance with § 155.530(d)(2), made under paragraph (c)(2)(i) of this section; and

(5) An appeal decision issued by a State Exchange appeals entity in accordance with § 155.545(b), consistent with § 155.520(c).

45 C.F.R. § 155.505(b) (2023). An exchange must allow an appeal within "90 days of the date of the notice of eligibility determination."[3]  45 C.F.R. § 155.520(b)(1) (2016).

The regulations also include requirements for when an enrollee may terminate health insurance retroactively:

---

[3] Alternatively, an exchange may allow an appeal within "[a] timeframe consistent with the state Medicaid agency's requirement for submitting fair hearing requests, provided that timeframe is no less than 30 days, measured from the date of the notice of eligibility determination."  45 C.F.R. § 155.520(b)(2) (2016).  The form McGrody used to file her appeal specified a 90-day appeal period.  R.R. at 50.

(iv) The Exchange must permit an enrollee to retroactively terminate or cancel the enrollee's coverage or enrollment in a [qualified health plan (QHP)] in the following circumstances:

(A) The enrollee demonstrates to the Exchange that he or she attempted to terminate his or her coverage or enrollment in a QHP and experienced a technical error that did not allow the enrollee to terminate his or her coverage or enrollment through the Exchange, and requests retroactive termination within 60 days after he or she discovered the technical error.

(B) The enrollee demonstrates to the Exchange that his or her enrollment in a QHP through the Exchange was unintentional, inadvertent, or erroneous and was the result of the error or misconduct of an officer, employee, or agent of the Exchange or [the Department of Health and Human Services (HHS)], its instrumentalities, or a non–Exchange entity providing enrollment assistance or conducting enrollment activities. Such enrollee must request cancellation within 60 days of discovering the unintentional, inadvertent, or erroneous enrollment. For purposes of this paragraph (b)(1)(iv)(B), misconduct includes the failure to comply with applicable standards under this part, part 156 of this subchapter, or other applicable Federal or State requirements as determined by the Exchange.

(C) The enrollee demonstrates to the Exchange that he or she was enrolled in a QHP without his or her knowledge or consent by any third party, including third parties who have no connection with the Exchange, and requests cancellation within 60 days of discovering of the enrollment.

45 C.F.R. § 155.430(b)(1)(iv)(A)-(C) (2024).[4]

---

[4] A new circumstance permitting retroactive termination was added effective June 4, 2024, while McGrody's petition for review was pending in this Court. It applies where "the enrollee demonstrates to the Exchange that the enrollee enrolled in Medicare Part A or B coverage with a **(Footnote continued on next page…)**

6

We sympathize with McGrody's frustration. It is understandable she would not want to pay a bill for health insurance she did not need or use. At the same time, McGrody terminated her health insurance on October 1, 2021, and did not file her appeal until July 10, 2023, long after the 90-day deadline in 45 C.F.R. § 155.520(b)(1) (2016). The regulations permit an untimely appeal "if the applicant or enrollee sufficiently demonstrates within a reasonable timeframe determined by the appeals entity that failure to timely submit was due to exceptional circumstances and should not preclude the appeal." 45 C.F.R. § 155.520(d)(2)(i)(D) (2016). Here, we cannot say McGrody's mistaken belief that she would not be billed for October 2021 was an exceptional circumstance. McGrody does not appear to dispute that the Pennie representative she spoke to on October 1, 2021, explained her prior health insurance would continue until the end of the month, which should have alerted her to the outstanding bill.[5] Regardless, 45 C.F.R. § 155.505(b) (2023) does not list McGrody's challenge as a permissible basis for filing an appeal. This subsection permits appeals of eligibility determinations and related decisions, rather than challenges to health insurance termination dates.

Even if McGrody had a permissible basis for filing an appeal, the applicable regulations would not allow her to terminate her prior health insurance retroactively. McGrody did not call Pennie to terminate her prior health insurance until October 1, 2021, by which time her coverage for that month had already begun and she had

---

retroactive effective date, and requests retroactive termination of QHP coverage within 60 days of the enrollment." 45 C.F.R. § 155.430(b)(1)(iv)(D) (2024).

[5] *See* Letter, 8/21/23, at 2 ("Telling me benefits will remain active until the end of October is NOT the same as telling me I am expected to pay for the month of October."); McGrody's Br. at 10 ("According to Pennie, they informed me that my health insurance policy will remain active until the end of October 2021. . . . [T]he Pennie rep did NOT provide any information there would be a balance due for the month of October 2021.") (some capitalization omitted).

already incurred the premium. Because McGrody correctly received coverage for the month of October 2021, her enrollment was not the result of a "technical error" nor was it the result of an error or misconduct on the part of Pennie or the actions of a third party without her knowledge or consent. *See* 45 C.F.R. § 155.430(b)(1)(iv)(A)-(C) (2024). If, for example, McGrody called to terminate her prior health insurance in October 2021 but still received a bill for November 2021, she may have been eligible for retroactive relief. However, calling on October 1, 2021, to terminate her health insurance for the month of October 2021 was plainly too late.

## CONCLUSION

Accordingly, we are constrained to affirm the Presiding Officer's order mailed August 15, 2023, which dismissed McGrody's appeal.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah McGrody, :
                              Petitioner :
                                        :
        v.                              : No.  1051 C.D. 2023
                                        :
Pennsylvania Health Insurance           :
Exchange Authority d/b/a Pennie,        :
                              Respondent :

# **O R D E R**

**AND NOW**, this 11th day of October 2024, the order mailed August 15, 2023, by the Pennsylvania Health Insurance Exchange Authority d/b/a Pennie, is **AFFIRMED**.

_____
STACY WALLACE, Judge